UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KENT R. DILLARD,<br><br>　　　　　　　　　Plaintiff,<br>　　v.<br><br>PIERCE COUNTY, PIERCE COUNTY EXECUTIVE, GERALD HORNE, and PIERCE COUNTY JAIL DIRECTOR,<br><br>　　　　　　　　　Defendants. | No. C10-5581 BHS/KLS<br><br>ORDER TO AMEND OR SHOW CAUSE |

This civil rights action has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4. Plaintiff Kent R. Dillard, who is presently confined at the Stafford Creek Corrections Center in Aberdeen, Washington, has been granted leave to proceed *in forma pauperis.*

Presently before the court for review is Mr. Dillard's complaint in which he purports to sue Pierce County, the Pierce County Executive, Gerald Horne, the Pierce County prosecutor, and the Pierce County Jail Director. Mr. Dillard was in custody at the Pierce County Jail (PCJ between August 11, 2007 and August 15, 2007. Dkt. 1-1, p. 4. During this time, he made approximately five phone calls to his wife and parents. *Id.*, p. 5. Mr. Dillard claims that he was forced to make these calls in the presence of other prisoners and that his calls were monitored and/or recorded. *Id.* Mr. Dillard claims that he was not able to call a private attorney on an

ORDER TO AMEND OR SHOW CAUSE - 1

unmonitored line. *Id.* Mr. Dillard seeks a declaratory judgment that his Fourteenth and Sixth Amendment rights to counsel were violated. He also seeks compensatory and punitive damages.

Mr. Dillard's complaint suffers from numerous deficiencies and the court will not serve his complaint.

**DISCUSSION**

Under the Prison Litigation Reform Act of 1995, the Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. §§ 1915A(b)(1), (2) and 1915(e)(2); See *Barren v. Harrington*, 152 F.3d 1193 (9th Cir. 1998).

A complaint is legally frivolous when it lacks an arguable basis in law or fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Franklin v. Murphy*, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Neitzke*, 490 U.S. at 327. A complaint or portion thereof, will be dismissed for failure to state a claim upon which relief may be granted if it appears the "[f]actual allegations . . . [fail to] raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *See Bell Atlantic, Corp. v. Twombly*, 127 S.Ct. 1955, 1965 (2007) (citations omitted). In other words, failure to present enough facts to state a claim for relief that is plausible on the face of the complaint will subject that complaint to dismissal. *Id*. at 1974.

ORDER TO AMEND OR SHOW CAUSE - 2

The court must construe the pleading in the light most favorable to plaintiff and resolve all doubts in plaintiff's favor. *Jenkins v. McKeithen*, 395 U.S. 411, 421 (1969). Although complaints are to be liberally construed in a plaintiff's favor, conclusory allegations of the law, unsupported conclusions, and unwarranted inferences need not be accepted as true. *Id*. While the court can liberally construe plaintiff's complaint, it cannot supply an essential fact an inmate has failed to plead. *Pena v. Gardner*, 976 F.2d 469, 471 (quoting *Ivey v. Board of Regents of Univ. of Alaska*, 673 F.2d 266, 268 (9th Cir. 1982)). Unless it is absolutely clear that amendment would be futile, however, a pro se litigant must be given the opportunity to amend his complaint to correct any deficiencies. *Noll v. Carlson*, 809 F.2d 1446, 1448 (9th Cir. 1987). Accordingly, while the court finds that dismissal of Plaintiff's complaint under Fed. R. Civ. P. 12(b)(6) is proper for the reasons set forth below, the court is issuing this order to show cause in order to give Plaintiff an opportunity to file a response or amend his complaint.

Mr. Dillard fails to identify any defendants who have violated his constitutional rights. He broadly alleges that certain unnamed defendants illegally monitored and/or recorded each of his telephone calls from August 11 to August 15, 2007 in violation of state law and 42 U.S.C. § 1983. However, Mr. Dillard must allege facts demonstrating how the specific acts and conditions complained of have resulted in a deprivation of his federal constitutional rights. *See Ellis v. Cassidy*, 625 F.2d 227 (9th Cir.1980). An amended complaint must also allege in specific terms how each **named** defendant was involved in the deprivation of rights. There can be no liability under 42 U.S.C. § 1983 unless there is some affirmative link or connection between a defendant's actions and the claimed deprivation. *See Rizzo v. Goode*, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976); *May v. Enomoto*, 633 F.2d 164, 167 (9th Cir.1980); Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir.1978). Vague and conclusory allegations of

ORDER TO AMEND OR SHOW CAUSE - 3

official participation in civil rights violations will not suffice. *See Ivey v. Board of Regents*, 673 F.2d 266, 268 (9th Cir.1982).

Plaintiff may file an amended complaint, setting forth all of his factual claims, causes of action, claims for relief, and any exhibits. Plaintiff shall set forth his factual allegations in separately numbered paragraphs and shall allege with specificity the following:

(1)   the names of the persons who caused or personally participated in causing the alleged deprivation of his constitutional rights;

(2)   the dates on which the conduct of each Defendant allegedly took place; and

(3)   the specific conduct or action Plaintiff alleges is unconstitutional.

An amended complaint operates as a <u>complete</u> substitute for (rather than a mere supplement to) the present complaint. In other words, an amended complaint supersedes the original in its entirety, making the original as if it never existed. Therefore, reference to a prior pleading or another document is unacceptable – once Plaintiff files an amended complaint, the original pleading or pleadings will no longer serve any function in this case. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir. 1967) (as a general rule, an amended complaint supersedes the prior complaint). Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged.

Plaintiff shall present his complaint on the form provided by the court. The amended complaint must be legibly rewritten or retyped in its entirety, it should be an original and not a copy, it may not incorporate any part of the original complaint by reference, and it must be clearly labeled the "First Amended Complaint" and must contain the same cause number as this case. Plaintiff should complete all sections of the court's form. Plaintiff may attach continuation pages as needed but may not attach a separate document that purports to be his amended

ORDER TO AMEND OR SHOW CAUSE - 4

complaint. In order to make a short and plain statement of claims against the defendants, plaintiff should include factual allegations that explain how each named defendant was involved in the denial of his rights. The court will screen the amended complaint to determine whether it contains factual allegations linking each defendant to the alleged violations of Plaintiff's rights. The court will not authorize service of the amended complaint on any defendant who is not specifically linked to the violation of Plaintiff's rights.

If Plaintiff elects to proceed in this action by filing an amended complaint, the court advises him of the following:

Plaintiff has failed to set forth facts showing that *any* individually named defendants within Pierce County caused or personally participated in causing the harm alleged. Although he names Gerald Horne, he includes no fact specific allegations as to how Mr. Horne or indeed, how anyone else, has violated his constitutional rights.

It is now established beyond doubt that prisoners have a constitutional right of access to the courts, *Bounds v. Smith*, 430 U.S. 817, 821, 97 S.Ct. 1491, 52 L.Ed.2d 72 (1977), and that the right of access to the courts has been found to encompass the right to talk in person and on the telephone with counsel in confidential settings. *See, Hydrick v. Hunter*, 500 F.3d 978, 999 (9th Cir.2007); *Ching v. Lewis*, 895 F.2d 608, 609-10 (9th Cir.1990) ("The opportunity to communicate privately with an attorney is an important part" of meaningful access to the courts.) However, in order for plaintiff to state a denial of access claim, plaintiff must show that he suffered an "actual injury" as a result of the defendants' actions. *See Lewis v. Casey*, 518 U.S. 343, 354-55, 116 S.Ct. 2174, 135 L.Ed.2d 606 (1996). "In order to establish actual injury, the inmate must demonstrate that official acts or omissions hindered his efforts to pursue a [nonfrivolous] legal claim." *Phillips v. Hust*, 477 F.3d 1070, 1076 (9th Cir.2007) (quoting

ORDER TO AMEND OR SHOW CAUSE - 5

Lewis, 518 U.S. at 351, 353 (alteration in original)).  Further, the right of access to the courts is limited to "the capability of bringing contemplated challenges to sentences or conditions of confinement before the courts." *Lewis*, 518 U.S. at 356.

Here, Mr. Dillard alleges only that he "was not able to call a private attorney on a confidential, unmonitored phone line." Dkt. 1-1, p. 5. He does not allege that his right of access to the courts to pursue a nonfrivolous legal claim was limited.[1]

In addition, to state a cause of action against Pierce County under § 1983, a plaintiff must identify a "policy or custom" within those municipal entities that caused his injury. *Bd. of County Comm'rs of Bryan County v. Brown*, 520 U.S. 397, 403-04, 117 S. Ct. 1382, 137 L.Ed.2d 626 (1997) (emphasis added).

If Plaintiff decides to file an amended civil rights complaint in this action, he is cautioned that if the amended complaint is not timely filed or if he fails to adequately address the issues raised herein on or before **October 1, 2010**, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915 and the dismissal will count as a "strike" under 28 U.S.C. § 1915(g).  Pursuant to 28 U.S.C. § 1915(g), enacted April 26, 1996, a prisoner who brings three or more civil actions or appeals which are dismissed on grounds they are legally frivolous, malicious, or fail to state a claim, will be precluded from bringing any other civil action or appeal in forma pauperis "unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

---

[1] Although Mr. Dillard alleges that he was denied his Sixth Amendment right to counsel, that right is expressly limited to criminal proceedings. *See, e.g., Hydrick v. Hunter*, 500 F.3d 978, 999 (9th Cir.2007) (noting that, while the Sixth Amendment "protects those in criminal proceedings," the Fourteenth Amendment protects all detainees against interference with their statutory right to counsel) (emphasis in original).

ORDER TO AMEND OR SHOW CAUSE - 6

Plaintiff is further directed to provide copies of his First Amended Complaint and completed marshal forms with the current address for each named defendant.

**The Clerk is directed to send Plaintiff the appropriate forms for filing a 42 U.S.C. 1983 civil rights complaint and for service. The Clerk is further directed to send a copy of this Order and a copy of the General Order to Plaintiff.**

Dated this  10th  day of September, 2010.

Karen L. Strombom
United States Magistrate Judge

ORDER TO AMEND OR SHOW CAUSE - 7