UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| KENT R. DILLARD,<br><br>                  Plaintiffs,<br><br>  v.<br><br>PIERCE COUNTY, PIERCE COUNTY EXECUTIVE, GERALD HORNE, PIERCE COUNTY JAIL DIRECTOR, JOHN/JANE DOES 1-10,<br><br>                  Defendants. | No. C10-5581 BHS/KLS<br><br>**REPORT AND RECOMMENDATION**<br>**Noted for: June 17, 2011** |

      Presently before the court is Defendants' motion to dismiss this action for failure to state a claim for relief pursuant to Fed. R. Civ. P. 12(b) (6). ECF No. 17. Defendants move to dismiss Plaintiff's claims because he has failed to exhaust his administrative remedies. Defendants also move to dismiss Plaintiff's claims on the grounds that he has failed to state a claim upon which relief can be granted. *Id.*

      Having carefully reviewed Defendants' motion and supporting affidavit, Plaintiff's opposition (ECF No. 25), and balance of the record, the Court concludes that the motion to dismiss should be granted because Plaintiff has failed to exhaust his administrative remedies.

**FACTS**

      Plaintiff Kent R. Dillard was a pretrial detainee at the Pierce County Detention and Corrections Center (PCDCC) from August 11 through August 15, 2007. He alleges that during

REPORT AND RECOMMENDATION - 1

his time in the PCDCC, he made at least five telephone calls that were monitored and/or recorded. ECF No. 14, p. 10. Because of this, he claims that he suffered emotional distress, mental anguish, frustration, anger, humiliation, loss of sleep, migraine headaches, loss of familial association, as well as other injuries. *Id.* Plaintiff maintains that a Pierce County Ordinance prohibited Defendants from monitoring and/or recording his telephone calls. *Id.*, p. 9.

PCDCC has developed a procedure for the filing of grievances. ECF No. 18, p. 2 (Declaration of Pam Lacipierre, Office Assistant 3 for the PCDCC), pp. 3-5 (Prisoner Information Handbook). PCDCC's "Prisoner Information Handbook" states that "[a]ll outgoing calls, except for DAC [Department of Assigned Counsel"], are recorded." *Id.*, p. 4. The Handbook also contains the procedure for filing and appealing "Prisoner Grievances." The Handbook states in pertinent part:

> Prisoner Grievances
> The Pierce County Detention and Corrections Center has a grievance procedure that you can use to express valid grievances.
>
> Rules for Filing a Grievance/Appeal
> The grievance program is intended to address serious concerns that are personal to you.
>
> You may not use the grievance program to submit a request or appeal on behalf of another inmate(s).
>
> You have the responsibility to use this program in good faith and in an honest and straightforward manner. Knowingly, making a false complaint is a major rule violation.
>
> Before filing a formal grievance, you must first try to resolve the complaint informally with your Housing Officer.
>
> If you are unable to resolve complaint, you may fill out a Formal Grievance Form:
> ◊   State, specifically, one single complaint or a few number of closely related issues on the form. If there are multiple unrelated issues on the form it will be rejected.

REPORT AND RECOMMENDATION - 2

1
2
3
4

◊ Complete the form with all the requested identifying information as well as stating the complaint.
◊ Sign the form and review the information you have written.
◊ Hand the form to a Corrections Officer.  It will be forwarded to a Duty Sergeant and then on to the Grievance/Complaint Coordinator.  The grievance will be recorded and answered within 10 working days of the receipt of the grievance.

*Id.*, p. 5.

The Handbook is made available to all inmates.  *Id.*, p. 1.

Ms. Lacipierre has researched PCDCC prisoner grievance records.  Plaintiff filed no grievances relating to the recording of telephone calls.  *Id.*

When he filed his Amended Complaint, Plaintiff was housed at the Stafford Creek Corrections Center (SCCC), a facility of Washington's Department of Corrections.   In response to the query on the complaint form relating to the availability of a prison grievance procedure, Plaintiff stated "N/A".  ECF No. 14, p. 2.

## STANDARDS OF REVIEW

**A.      Motion to Dismiss**

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b) (6), all factual allegations set forth in the complaint are "taken as true."  *Epstein v. Washington Energy Co.*, 83 F.3d 1136, 1140 (9th Cir.1996).  Rule 8(a) (2) of the Federal Rules of Civil Procedure "requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests.'"  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555-56, 127 S.Ct. 1955, 1964, 167 L.Ed.2d 929 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).  To survive dismissal for failure to state a claim, a complaint must contain more than "a

REPORT AND RECOMMENDATION - 3

formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." *Bell Atlantic*, 127 S.Ct. at 1965.

**B.     Exhaustion of Remedies**

By the Prison Litigation Reform Act of 1995 ("PLRA"), Congress amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). The exhaustion requirement "applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Porter v. Nussle*, 534 U.S. 516, 532, 122 S.Ct. 983, 152 L.Ed.2d 12 (2002).

The United States Supreme Court has ruled that exhaustion of prison administrative procedures is mandated regardless of the relief offered through such procedures. *Booth v. Churner*, 532 U.S. 731, 741, 121 S.Ct. 1819, 149 L.Ed.2d 958 (2001). The Supreme Court has also cautioned against reading futility or other exceptions into the statutory exhaustion requirement. *Id*. at 741 n. 6. Moreover, because proper exhaustion is necessary, a prisoner cannot satisfy the PLRA exhaustion requirement by filing an untimely or otherwise procedurally defective administrative grievance or appeal. *Woodford v. Ngo*, 548 U.S. 81, 90-93, 126 S.Ct. 2378, 165 L.Ed.2d 368 (2006).

The PLRA exhaustion requirement is not jurisdictional but rather creates an affirmative defense that a defendant may raise in a non-enumerated Rule 12(b) motion. *See Jones v. Bock*, 549 U.S. 199, 216, 127 S. Ct. 910, 166 L.Ed.2d 798 (2007) ("[I]nmates are not required to specially plead or demonstrate exhaustion in their complaints."); *Wyatt v. Terhune*, 315 F.3d

REPORT AND RECOMMENDATION - 4

1108, 1117-19 (9th Cir.2003).  The defendants bear the burden of raising and proving the absence of exhaustion.  *Wyatt*, 315 F.3d at 1119.

"In deciding a motion to dismiss for a failure to exhaust nonjudicial remedies, the court may look beyond the pleadings and decide disputed issues of fact." *Id.*  "I[f] the district court looks beyond the pleadings to a factual record in deciding the motion to dismiss for failure to exhaust - a procedure closely analogous to summary judgment - then the court must assure that [the prisoner] has fair notice of his opportunity to develop a record." *Id*. at 1120 n. 14.  When the district court concludes that the prisoner has not exhausted administrative remedies on a claim, "the proper remedy is dismissal of the claim without prejudice." *Id*. at 1120.  *See also Lira v. Herrera*, 427 F.3d 1164, 1170 (9th Cir. 2005).  On the other hand, "if a complaint contains both good and bad claims, the court proceeds with the good and leaves the bad." Jones, 549 U.S. at 221.

**DISCUSSION**

It is undisputed that the PCDCC has developed a procedure for the filing of grievances.  ECF No. 18, p. 2 (Declaration of Pam Lacipierre), pp. 3-5 (Prisoner Information Handbook).  It is also undisputed that PCDCC's "Prisoner Information Handbook," which advises prisoners that their telephone calls will be recorded and advises how to file grievances, was made available to all inmates.  Plaintiff does not dispute that the grievance procedure exists and does not dispute that he did not file a grievance at the PCDCC relating to his claims.  He contends, however, that "to the best of [his] recollection, he did not receive a copy of any 'Prisoner Information Handbook.'"  ECF No. 25, p. 3.  He argues that a grievance program that "is never noticed to the inmate is not 'available' for purposes of an affirmative defense." *Id.*  Plaintiff also argues that he could not have filed a grievance because he did not know at the time that monitoring and

REPORT AND RECOMMENDATION - 5

recording of his calls "was illegal," because he did not have access to Pierce County Ordinance No. 87-1875. *Id.*, pp. 3-4.

In essence, Plaintiff argues that the PCDCC's failure to inform him of its grievance procedure rendered it unavailable. Plaintiff states that "to the best of his recollection" he does not recall receiving a copy of the Handbook. This argument is unavailing. By describing the grievance procedure in the Inmate Handbook, which was available to all inmates, the PCDCC has made the existence of the procedure known and available to all inmates. There is no evidence that Defendants or anyone else at the PCDCC hid the grievance procedure from Plaintiff or made the procedure unavailable to him. Plaintiff's lack of knowledge of the procedure does not mean that it does not exist or is not available. *See, e.g., Gonzalez v. Penrod,* 2009 WL 980782, *3 (C.D. Cal. 2009). Several other Circuit Courts of Appeals and District Courts have held that neither a lack of awareness of available grievance procedures nor a prison's failure to inform an inmate of them excuses his failure to exhaust. *Albino v. Baca,* 2010 WL 883856, *4 (C.D. Cal. 2010) (*citing Chelette v. Harris*, 229 F.3d 684 (8th Cir.2000); *Twitty v. McCoskey*, 226 F. App'x 594 (7th Cir.2007); *Brock v. Kenton County, KY*, 93 F. App'x 793 (6th Cir.2004); *Gonzalez-Liranza v. Naranjo*, 76 F. App'x 270 (10th Cir.2003); *Graham v. County of Gloucester, Va*, No. 2:08cv279, 2009 WL 3755944 (E.D.Va. Nov. 4, 2009); *Evans v. Marshall*, No. CV 105-132, 2007 WL 842056 (S.D.Ga. Mar.15, 2007)).

Next, Plaintiff argues that he was at the PCDCC for only five days and did not know that the monitoring and recording of his telephone calls was "illegal" until after he left the PCDCC. Therefore, he claims he could not have filed a grievance in time. Plaintiff contends that Defendants have not proven that there was a grievance procedure available to him after he left the PCDCC for "things that went on while he was there." ECF No. 24, pp. 3-4. However, in his

REPORT AND RECOMMENDATION - 6

Amended Complaint, Plaintiff states that five telephone calls he made at the PCDCC were monitored and/or recorded and this caused him to suffer "emotional distress, mental anguish, frustration, anger, humiliation, loss of sleep, migraine headaches, loss of familial association …". ECF No. 14, p. 10.  Thus, Plaintiff knew that his telephone calls were being monitored and/or recorded when he was at the PCDCC and allegedly suffered injuries during that time.  Thus, Plaintiff did not lack knowledge of the basis for his grievance.

      Plaintiff's transfer argument is also unavailing.  Several courts have held that a transfer from the institution in which the cause of action arose to a different institution does not excuse the exhaustion requirement.  *See, e.g., Medina Claudio v. Rodriguez-Mateo,* 292 F.3d 31, 35 (1st Circ. 2002); *Flourney v. Navarro*, 2008 WL 4184650 at *7 (C.D. Cal. 200*) (transfer from Los Angeles County Jail to California Department of Corrections does not exempt Plaintiff from exhaustion requirement prior to bringing suit for jail incident."  The PLRA clearly requires all confined individuals to exhaust available remedies prior to bringing a lawsuit relating to prison conditions.  A transfer to another facility, even if under the control of a different official, does not make the grievance procedure unavailable.  *Id.*  Moreover, "there is no 'futility exception' to the PLRA exhaustion requirement." *Massey v. Wheeler,* 221 F.3d 1030, 1034 (7th Cir. 2000); *see also Booth v. Churner,* 532 U.S. 731, 741, 121 S. Ct. 1819, 149 L.Ed.2d 958 (2000) (PLRA mandates exhaustion regardless of the relief offered through administrative procedures).

      There is nothing in PCDCC's grievance procedure that explicitly prevents a prisoner from filing an administrative complaint while housed at another facility. *See, e.g., Medina-Claudio,* 292 F.3d at 35.  Plaintiff has not shown that his transfer from the PCDCC to SCCC precluded him from exhausting administrative remedies.

REPORT AND RECOMMENDATION - 7

Because Plaintiff has failed to exhaust his claims, the undersigned concludes that they should be dismissed without prejudice. The Court expresses no view either as to the merits of his claims or the possibility that he is able to exhaust his claims tardily through whatever means his institution may provide for consideration of out-of-time claims. (Administrative rejection of tardy prison claims acts as a procedural default against their consideration in federal court. *See Woodford,* 548 U.S. 81, 100-02, 126 S. Ct. 2378, 165 L.Ed.2d 383 (2006)).

## CONCLUSION

The undersigned recommends that Defendants' motion for summary judgment (ECF No. 18) be **GRANTED** and that Plaintiffs' claims against Defendants be **dismissed without prejudice** for failure to exhaust.

Pursuant to 28 U.S.C. § 636(b)(1) and Fed. R. Civ. P. 72(b), the parties shall have fourteen (14) days from service of this Report to file written objections. See also Fed. R. Civ. P. 6. Failure to file objections will result in a waiver of those objections for purposes of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985). Accommodating the time limit imposed by Rule 72(b), the Clerk is directed to set the matter for consideration on **June 17, 2011**, as noted in the caption.

**DATED** this  31st  day of May, 2011.

Karen L. Strombom
United States Magistrate Judge

REPORT AND RECOMMENDATION - 8